THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABIGAIL H. BISHOP, Respondent, *v.* JAMES C. BISHOP, Appellant.

First Department, July 11, 1918.

Appeal — ex parte order adjudging defendant guilty of criminal contempt — method of review — enforcement of obedience to writ of habeas corpus — practice.

An appeal does not lie from an *ex parte* order adjudging a defendant guilty of criminal contempt. The proper practice is to move to vacate such order and appeal from the order entered upon the decision of such motion.

An *ex parte* order adjudging a defendant guilty of criminal contempt in willfully disobeying a writ of habeas corpus is unauthorized by section 2028 of the Code of Civil Procedure.

APPEAL by the defendant, James C. Bishop, appearing specially, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1918, resettling a prior order and adjudging respondent guilty of criminal contempt in willfully disobeying a writ of habeas corpus, with notice of an intention to bring up for review an order entered in said clerk's office on the 21st day

of January, 1918, denying appellant's motion to vacate the service of the writ herein.

*Edward E. McCall* of counsel [*Garrard Glenn* and *William B. Walsh* with him on the brief; *Shattuck, Glenn, Huse & Ganter,* attorneys], for the appellant.

*Frank M. Van Wagonen* of counsel [*Griggs, Baldwin & Baldwin,* attorneys], for the respondent.

SHEARN, J.:

The order appealed from is one granted *ex parte,* from which no appeal lies. (*Stewart* v. *Stewart,* 127 App. Div. 672; *Belfer* v. *Ludlow,* 144 id. 746; *Moore* v. *American Molasses Co.,* 179 id. 505.) The proper practice for the appellant to pursue is to move to vacate the order adjudging him in contempt, and, if the motion is denied, an appeal would lie from the order entered upon the decision of such motion. As there is a serious jurisdictional point involved, in order to prevent further fruitless appeals, the matter having been twice before this court (182 App. Div. 918, 922), it seems appropriate to state that the practice pursued in the attempt to enforce obedience to the writ of habeas corpus has been entirely irregular and that the order, made without notice to the appellant, adjudging him in contempt and ordering his imprisonment, was unauthorized. The proper proceedings in such a case are distinctly specified in section 2028 of the Code of Civil Procedure.

The appeal is dismissed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Appeal dismissed, with ten dollars costs and disbursements to respondent.